NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

UNITED STATES OF AMERICA, *et al.*,

Plaintiffs,

v.

JOHNSON & JOHNSON, *et al.*,

Defendants.

Civil Action No. 12-7758 (MAS) (LHG)

**MEMORANDUM OPINION**

**SHIPP, District Judge**

This matter comes before the Court upon Relators Jessica Penelow and Christine Brancaccio's (collectively, "Relators") Appeal of Magistrate Judge Goodman's March 16, 2018 Order. (ECF No. 122.) Defendant Janssen Products, LP ("Defendant") opposed. (ECF No. 127.) Relators filed a Motion for Leave to File a Reply, and attendant reply (ECF No. 130), and Defendant filed a Motion for Leave to File Sur-Reply in Further Opposition to Relators' Motion to Compel, and attendant sur-reply (ECF No. 132).[1] The Court has carefully considered the parties' submissions and decides the matter without oral argument pursuant to Local Civil Rule 78.1. For the reasons set forth below, the Court affirms Judge Goodman's March 20, 2018 Order.[2] (ECF No. 105.)

---

[1] The Court grants Relators' and Defendant's motions to file a reply and sur-reply, respectively. (ECF Nos. 130, 132.) The Court, however, finds those arguments unnecessary to resolve the instant dispute, and further finds Relators' arguments without merit.

[2] Judge Goodman issued an oral decision on March 16, 2018 (*see* ECF Nos. 103, 104), and issued the formal Order on March 20, 2018 (ECF No. 105). Hereinafter, the Court refers to the subject Order as the "March 16, 2018 Order" in accordance with Relators' Motion.

I. **Background**

The underlying facts in this matter are known to the parties, and therefore the Court only recites those facts necessary to resolve the instant dispute. Relators bring this action pursuant to the federal False Claims Act ("FCA") and related state statutes, alleging Defendant "engage[d] in a nationwide off-label marketing and kickback scheme to promote [its] drugs Prezista and Intelence to increase [its] profits . . . ." (Relators' Moving Br. 1, ECF No. 122-2.) On November 22, 2017, Relators issued their First Set of Requests for the Production of Documents, which included requests for documents pertaining to Defendant's profits from its sale of Prezista and Intelence. (*See* Ex. A, ECF No. 122-2.) Defendant, however, objected, arguing that the requested information was not relevant or proportionate to the needs of the case. (*See* Ex. C, ECF No. 122-2.) The parties filed joint correspondence advising Judge Goodman they were unable to resolve their dispute and presenting their respective positions. (Def.'s Opp'n Br., Ex. B, ECF No. 127-3.)

On March 16, 2018, Judge Goodman held a telephone status conference and stated she was prepared to resolve the discovery disputes presented in the joint correspondence. (Mar. 16, 2018 Order Tr. 5:1, ECF No. 104.) The following excerpt contains Judge Goodman's findings regarding the discovery dispute on profits.

> The second issue that[ is] raised in the letter is with regard to discovery that [R]elators are seeking as to profit. Not sales, but profit. And the question there is whether [R]elators are entitled to discovery as to profit as evidencing motive in this qui tam action. Defendant has cited to case law which this Court finds both compelling and persuasive, that motive is not an element of the cause of action alleged in this case. Nor is it a substitute for proof of knowledge or scienter, which are elements.
>
> Relators have not addressed the cases cited by [D]efendant, but instead have an explanation of their need for this profit discovery . . . . I find that explanation somewhat circular. Relators say that while motive may not be an element, it may be helpful to understand reason, the reason for [D]efendant['s] actions. But I do[

> not] really see how motive and reason are different from one another.
>
> I find that evidence of profit to be used to demonstrate possible motive is too attenuated in this qui tam action[,] and I, therefore, deny that request.

(*Id.* 9:12 to 10:5.)

Relators subsequently filed a Motion for Reconsideration, stating they were unaware that Judge Goodman was going to rule on the issue, and therefore contending they failed to fully brief the matter. (Relators' Mot. for Recons. Br. 3, ECF No. 106-2.) Relators again argued their request for Defendant's profits was relevant, and provided case law to support their position. (*Id.* at 4-6.)

Judge Goodman denied Relators' Motion for Reconsideration on two grounds. First, she found Relators were aware of her intent to rule, and even if they were not aware prior to drafting the joint correspondence, "they were certainly alerted [to her intent to rule] during the March [16, 2018] Conference itself." (Sept. 12, 2018 Op. 6-7, ECF No. 119.) Second, Judge Goodman, "[i]n an abundance of caution," reviewed the legal authority Relators presented and distinguished that authority from the instant matter. (*Id.* at 9-11; *see also id.* at 11 ("Even taking into account the newly submitted authority, Relators have failed to proffer any change in law or unconsidered evidence, and have not convinced the Court that its prior decision evidences a clear error of law or manifest injustice.").) Ultimately Judge Goodman denied Relators' Motion for Reconsideration. (*Id.* at 11.) This appeal followed.

## II. <u>Legal Standard</u>

A magistrate judge's resolution of a non-dispositive matter may only be set aside if the order is clearly erroneous or contrary to law. *Marks v. Struble*, 347 F. Supp. 2d 136, 149 (D.N.J. 2004); Fed. R. Civ. P. 72(a); Loc. Civ. R. 72.1(c)(1). "A finding is clearly erroneous only 'when although there is evidence to support it, the reviewing court on the entire evidence is left with the

definite and firm conviction that a mistake has been committed.'" *Cooper Hosp./Univ. Med. Ctr. v. Sullivan*, 183 F.R.D. 119, 127 (D.N.J. 1998) (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)). For a magistrate judge's decision to be contrary to law, the Court must find the magistrate judge misapplied or misinterpreted the applicable law. *Gunter v. Ridgewood Energy Corp.*, 32 F. Supp. 2d 162, 164 (D.N.J. 1998).

The burden in demonstrating that the magistrate judge's order is clearly erroneous or contrary to law lies with the party filing the appeal. *Marks*, 347 F. Supp. 2d at 149. The Court may not consider evidence that was not presented to the magistrate judge. *Haines v. Liggett Grp. Inc.*, 975 F.2d 81, 91-92 (3d Cir. 1992). Further, when, "as here, the magistrate [judge] has ruled on a [non-dispositive] matter such as a discovery motion, his [or her] ruling is entitled to great deference and is reversible only for abuse of discretion." *Frank v. Cty. of Hudson*, 924 F. Supp. 620, 623 (D.N.J. 1996) (citations omitted); *see also Marks*, 347 F. Supp. 2d at 149 (stating a magistrate judge is "accorded wide discretion in addressing non-dispositive motions").

### III. Discussion

Here, Relators' arguments that Judge Goodman's findings were contrary to law and require a de novo review lack persuasion. Relators misconstrue Judge Goodman's order. Judge Goodman did not state that evidence of profits and motive is never pertinent to an FCA case; rather, she found Relators' argument "circular" and "too attenuated in *this* qui tam action." (Mar. 16, 2018 Order Tr. 9:24 to 10:5 (emphasis added).) Moreover, in her Memorandum Opinion denying Relators' Motion for Reconsideration, Judge Goodman addressed the legal authority Relators presented, and found those cases were neither controlling (because "they [were] from other

4

districts and other circuits"), nor persuasive (because they were factually distinguishable). (*See* Sept. 12, 2018 Op. 9-11.) The Court, accordingly, applies the more deferential standard of review.[3]

The "deferential standard is particularly appropriate in the case where the magistrate judge managed the case from the outset, and thus has a thorough knowledge of the proceedings." *Salamone v. Carter's Retail, Inc.*, No. 09-5856, 2011 WL 1458063, at *2 (D.N.J. Apr. 14, 2011) (internal quotation marks and citation omitted). "An abuse of discretion occurs . . . when the judicial action is arbitrary, fanciful[,] or unreasonable, which is another way of saying that discretion is abused only where no reasonable man [or woman] would take the view adopted." *Id.*

Here, Relators fail to meet their burden of establishing Judge Goodman abused her discretion in denying their discovery request. Judge Goodman thoroughly considered Relators' arguments on two occasions, and found Relators' request for production related to profits too "attenuated" from their FCA claim. Moreover, she appropriately found the case law Relators relied upon in support of their request neither controlling nor apposite. The record, accordingly, reflects Judge Goodman did not abuse her discretion in denying Relators' production request, and the Court affirms Judge Goodman's March 16, 2018 Order.

---

[3] Notwithstanding the Court's reviewing the March 16, 2018 Order for abuse of discretion, Relators failed to establish Judge Goodman's decision was clearly erroneous. Although Federal Rule of Civil Procedure 26 allows for liberal discovery, "[d]iscovery may be denied where, in the court's judgment, the inquiry lies in the speculative area." *Barry v. Medtronic, Inc.*, No. 16-47, 2016 WL 1056783, at *1 (E.D. Pa. Mar. 17, 2016) (citing *Micro Motion, Inc. v. Kane Steel Co.*, 894 F.2d 1318, 1326 (Fed. Cir. 1990); Fed. R. Civ. P. 26(b)(1). Here, Judge Goodman did not err in finding Defendant's profits "attenuated." (*See, e.g.*, Def.'s Opp'n Br. 6 ("Relators argue that they are entitled to documents related to [Defendant's] profits because such documents *may* be relevant to show motive, and that motive *may* be relevant to prove scienter, an element of an [FCA] claim. This speculative argument requires not one, but *two* inferential leaps . . . .").)

5

## IV. Conclusion

Relators failed to demonstrate Judge Goodman abused her discretion in denying their production request. The Court, accordingly, affirms Judge Goodman's March 16, 2018 Order. The Court will enter an Order consistent with this Memorandum Opinion.

*/s/ Michael A. Shipp*
**MICHAEL A. SHIPP**
**UNITED STATES DISTRICT JUDGE**

**Dated**: April 8, 2019