UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

CHAMBERS OF
LOIS H. GOODMAN
UNITED STATES MAGISTRATE JUDGE

CLARKSON S. FISHER U.S. COURTHOUSE
402 EAST STATE STREET
ROOM 7050
TRENTON, NJ 08608
609-989-2114

June 14, 2021

## LETTER ORDER

Re:   UNITED STATES v. JOHNSON & JOHNSON, *et al.*,
      Civil Action No. 12-7758   (MAS) (LHG)

Dear Counsel:

Before the Court is a joint letter submitted by the parties ("Joint Letter") regarding the propriety of Third Supplemental Initial Disclosures ("Third Disclosures") served by Defendant Janssen Products, L.P, ("Janssen").[1]   The disclosures identify three fact witnesses for Janssen that it had not previously named: Kim Saladana, Amit Patel, and Mike Driscoll (collectively hereinafter, "the New Witnesses").   Relators ask the Court to strike Janssen's disclosures because they are untimely and prejudicial.

The Court decides the dispute based on the parties' written submission, without oral argument, pursuant to Local Civil Rule 78.1, and limits its recitation of the facts to those necessary to decide the present dispute.

Janssen asserts that it has been diligent with respect to discovery in this case and that the Third Disclosures, served on March 23, 2020, are timely insofar as they were provided prior to the conclusion of expert discovery and before the filing of dispositive motions.   Joint Letter at 17.   It says the Third Disclosures and identification of the New Witnesses were prompted by an expert report from Virginia Evans, Relators' compliance expert.   *Id*. at 14–15.   In relevant part, Evans's report critiqued Janssen's compliance program, based on deficiencies Evans perceived from the deposition testimony of a Janssen compliance officer.   *Id*. at 15.   According to Janssen, the deficiencies Evans seized upon stem from the fact that the officer was being questioned as to compliance procedures and policies that predated her tenure or were outside her compliance role.   *Id*.   More important, the witness at issue was not produced as a 30(b)(6) witness and her responses were therefore based on her own personal recollection, rather than given as testimony on behalf of Janssen.   *Id*.   Janssen notes that Relators had previously noticed a 30(b)(6) witness to testify on this subject, and accuses Relators of gamesmanship by obtaining the compliance officer's testimony, and then strategically abandoning that notice in an effort to impute the compliance officer's ignorance to Janssen.   *Id*.

---

[1] After the parties presented their letter dispute, this matter was referred to mediation and administratively terminated while the parties pursued that avenue.   Given that the parties have reported that the mediation was not successful, the Court now decides the discovery dispute.

Janssen says it only recognized the weakness being exploited after it reviewed the Evans report and began working with its rebuttal expert. *Id.* It was then that Janssen identified the New Witnesses to address the purported compliance deficiencies Evans opined upon. *Id.* Moreover, Janssen asserts that none of the three witnesses are really new, insofar as their names have appeared on numerous documents that both sides have produced in this case. *Id.* at 16. In fact, says Janssen, their names have been referenced in nineteen documents that Relators' own counsel introduced during depositions. *Id.* Relators had already requested a document search from the files of one of the witnesses. *Id.* at 16–17.

To minimize prejudice to Relators, Janssen offers to make the New Witnesses available for deposition. *Id.* at 17. Likewise, should Relators decide they need to revise their expert reports, Janssen says it is willing to meet and confer as to the impact on the schedule. *Id.*

Janssen agrees with Relators that the Third Circuit's *Pennypack* factors apply with respect to the Court's consideration of whether to exclude its new witnesses. *Id.* at 18. It argues the factors weigh in its favor. *Id.* at 19. To that end, Janssen says any prejudice Relators assert is unclear. Janssen points out that Relators have not sought documents from all of the witnesses that Janssen previously identified; in fact, Janssen has only produced documents for forty-three of the 120 witnesses identified by the parties. *Id.* Moreover, Relators already have thousands of documents referencing the New Witnesses. *Id.* at 20. Janssen contends that any prejudice to Relators can be remedied by deposing the New Witnesses. It believes incorporating them will not impact the schedule substantially and its disclosure of the witnesses was made in good faith. Finally, Janssen argues that given the significant economic damages and reputational risk this case poses, the information the witnesses can provide regarding its compliance program is very important. *Id.*

For their part, Relators argue that the Third Disclosures are fatally late given that fact discovery in this case closed nearly a year before, in March of 2019. *Id.* at 3. They also note that Janssen was obligated to supplement its disclosures under Rule 26 "in a timely manner." *Id.* (citing Fed. R. Civ. P. 26(e)(1)(A)). They contend the Third Disclosures were far from timely, and that under Rule 37 the New Witnesses should be barred from supplying evidence on a motion, at a hearing, or at trial because their belated identification is neither substantially justified nor harmless. *Id.* (citing Fed. R. Civ. P. 37(c)(1)). Relators say it is Janssen's burden to establish one of these alternatives. *Id.*

With regard to substantial justification, Relators reject the reason Janssen has offered for its belated disclosures—that Janssen only appreciated its need for these witnesses after investigating the expert report of Virginia Evans. *Id.* at 4. Relators doubt the connection with the Evans report because the topics Janssen identified for its witnesses far exceed the scope of the Evans report. *Id.* Second, Relators say the topics for the witnesses, including Janssen's compliance efforts with respect to improper promotion, relate to issues Janssen has long known were central to Relators' case. *Id.* at 5. For both reasons, the Evans report cannot reasonably be considered a basis for adding the New Witnesses so late in this case. *Id.* Relators say Janssen has not accounted for the four months that elapsed between issuance of the Evans report and service of the Third Disclosures. *Id.* at 7. Relators find Janssen's claimed surprise difficult

to credit because in the intervening period Janssen issued its expert report rebutting the Evans report and Relators deposed Janssen's expert. *Id*.

Relators also insist that Janssen's belated disclosures are far from harmless. Rather, the New Witnesses would seriously prejudice their case because Relators have not been able to either pursue written discovery as to the witnesses or depose them. *Id*. Moreover, Relators' experts have not been able to consider the witnesses' information. *Id*. They maintain that Janssen's offer to let Relators depose the New Witnesses would not cure the prejudice. It would require re-opening both fact and expert discovery. *Id*. at 8.

Relators insist the *Pennypack* factors favor barring the New Witnesses. They claim allowing the witnesses to be added would prejudice their case by causing delay and by imposing additional expense and effort. *Id*. at 10. They cite the age of the case and delays caused by COVID-19 and attorney schedules that have already slowed progress. *Id*. They also contend that shifting the expense to Janssen would not cure their prejudice because Janssen has already deposed two of its experts and if the experts supplement their reports, Janssen would be able take advantage of their prior testimony. *Id*. Relators estimate that permitting Janssen to rely on the New Witnesses would disrupt the case by adding 6 months or more to the schedule. *Id*. at 12. They reiterate their challenges to Janssen's good faith given its attempts to tie its disclosure of the new witnesses to the Evans report without accounting for the four-month delay between. *Id*. at 13. Finally, Relators maintain that Janssen has had more than enough time to establish its defenses and can still do so without the new witnesses. *Id*.

Rule 26 requires that a party "must provide to the other parties . . . the name and, if known, the address and telephone number of each individual likely to have discoverable information—along with the subjects of that information—that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment." Fed. R. Civ. P. 26(a). It also requires that such disclosures must be supplemented "in a timely manner if the [disclosing] party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing." Fed. R. Civ. P. 26(e).

Under Rule 37, a party that fails to identify a witness as required by Rule 26 is not allowed to use that witness to supply evidence on a motion, at a hearing, or at a trial, "unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). When determining whether to bar evidence under Rule 37, district courts in the Third Circuit consider a series of factors, commonly referred to as the *Pennypack* factors, including: (1) the prejudice or surprise to the party against whom the evidence would have been admitted; (2) the ability of the party to cure that prejudice; (3) the extent to which permitting the evidence might disrupt the orderly and efficient administration of the case; (4) the bad faith or willfulness, if any, that accompanies the untimely disclosure; and (5) the overall importance of the evidence proposed for exclusion. *See In re Mercedes-Benz Antitrust Litigation*, 225 F.R.D. 498, 506 (D.N.J. 2005) (citing *Meyers v. Pennypack Woods Home Ownership Ass'n*, 559 F.2d 894, 904 (3d Cir. 1977). Whether to allow a evidence that is disclosed late is ultimately within the discretion of the court. *See Grider v. Keystone Health Plan Cent., Inc.*, 580 F3d 119, 134 (3d Cir. 2009).

*United States v. Johnson & Johnson, et al.*
Page 4 of 7

      The Court begins by considering whether Janssen's identification of the New Witnesses complied with Rule 26, which requires a party to supplement discovery only if "the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing." Fed. R. Civ. P. 26(e)(2). In order to qualify under the "otherwise been made known" language, the "alleged disclosure must be clear and unambiguous." *Pfizer v. Teva*, Civ. No. 04-754, 2006 WL 1938723, at *3 (D.N.J. Oct. 13, 2006) (finding that disclosures that are not facially apparent and require the drawing of further inferences are insufficient for Rule 26 purposes). The determination of whether an alleged disclosure satisfies the "otherwise made known" requirement is ultimately both fact and case specific. *Eli Lilly & Co. v. Actavis Elizabeth LLC*, Civ. No. 07-3770, 2010 WL 1849913, at *4 (D.N.J. May 7, 2010) (citing *Fast Food Gourmet, Inc. v. Little Lady Foods, Inc.*, Civ. No. 05-6022, 2007 WL 3052944, at *4 (N.D. Ill. Oct. 18, 2007)). To that end, the 1993 Advisory Committee Note to Rule 26(e) states in relevant part that litigants have "no obligation to provide supplemental or corrective information that has been otherwise made known to the parties in writing . . . ."

      Relators do not dispute that the New Witnesses' names appeared on numerous documents that they themselves produced to Janssen and on thousands of documents Janssen produced to Relators. Nor do they challenge Janssen's assertion that they requested and received targeted documents from one of the witnesses' custodial files, and that one of Relators' expert reports specifically discussed that same witness at several points. It is equally undisputed that Relators themselves introduced 19 documents referencing the New Witnesses as deposition exhibits. Individually, these references to the new witnesses might not be compelling. Indeed, the Court is mindful that it is not easy to satisfy the "otherwise made known" standard, *see In re Blackrock Mutual Funds Advisory Fee Litigation*, Civ. No. 14-1165, 2018 WL 11242142, at *4 (D.N.J. June 13, 2018), nor should it be. If merely a passing mention in documents were sufficient to meet Rule 26(e), it would risk undermining the valuable notice function that the Rule performs. But at a certain point, by virtue of the sheer *regularity* of their appearance, the identities of individuals must become "otherwise made known" or form would trump substance. In this case, Relators were well aware of these witnesses, and the subject matter on which they would testify, through documents and otherwise. Relators have not denied that they made a strategic decision not to call the witnesses or to elicit their testimony through a previously noticed 30(b)(6) deposition. Taken together, on these facts, the Court finds that the disclosures and Relators' own acknowledgement of the identities of the witnesses suffices to render them otherwise made known to Relators, such that Janssen's failure to formally disclose them earlier does not constitute a violation of Rule 26. On that basis alone, the Court finds sufficient grounds to deny Relators' request to strike the Third Disclosures.

      Even if this were not the case, and the Court were to find a violation of the Rule 26 disclosure requirement, the Court would nonetheless deny the request to strike and bar these witness based upon a consideration of the *Pennypack* factors, as set forth below.

      Under *Pennypack*, the Court must evaluate and balance the prejudice likely caused by the failure to timely identify witnesses and the availability of means to address that prejudice, the

*United States v. Johnson & Johnson, et al.*
Page 5 of 7

likely disruption to the case, any bad faith in the failure to disclose, and the importance of the evidence at issue to the party who made the late disclosure.  The Court considers each of the factors in turn.

With respect to the first factor, Relators assert they would be prejudiced by the delay, additional cost and effort that would result from adding the three New Witnesses.  Relators point to the age of the case and the need to reopen discovery to review additional documents, supplement expert reports, and conduct additional depositions.  As a preliminary matter, the Court recognizes this case has been pending for years but is reluctant to assess blame for any delay in moving the case.  Although the Complaint was filed in 2012, it was not unsealed until 2016.  That was followed by motion practice, and discovery in this extremely complex case only began in earnest at the end of 2017.  Since that time, deadlines have been extended for many reasons, including at the request of Relators.  The Court recognizes that adding the New Witnesses is likely to require additional resources but does not believe they will be substantial or disproportionate, given the significant issues raised in this case and the substantial damages sought.

The Court is also hesitant to find meaningful prejudice arising from Janssen's delay in identifying the New Witnesses in light of the extent to which Relators may have inflicted it upon themselves.  They offer no reason for their decisionnot to pursue corporate testimony as to compliance that they had previously noticed, despite Relators claim to have vigorously pursued it in discovery.  Joint Letter at 5.  Obviously, they had the right to change tack and decide not to depose a 30(b)(6) witness with regard to the compliance practices at issue.  To the extent their abandoning a request for Rule 30(b)(6) testimony in favor of ascribing weak individual deposition testimony to Janssen led to the identification of the New Witnesses, the Court finds that this tactic undermines their claims to prejudice.  Accordingly, the Court finds that there may be prejudice but it would not be disproportionate to the issues in the case, nor would it arise solely through the dilatoriness of Janssen.

Turning to the second factor, Janssen asserts that any prejudice can be cured by depositions and adjustments to the schedule.  Relators disagree on both points and add that Janssen has had the benefit of already deposing Relators' experts.  Having found that any prejudice is not disproportionate to the needs of the case, the Court further finds that any prejudice to Relators can be reduced by making the New Witnesses available for deposition and by giving the parties reasonable time to adjust their expert cases.  To the extent that Relators may need to supplement their expert reports, any benefit Janssen obtained from its prior depositions can be limited by restricting any follow up depositions or rebuttal reports to the information contained in the supplemental reports.  The Court therefore finds that the second factor favors denial of the request to strike.

As to the third factor, disruption of the schedule, much has happened in the case since the motion was filed, including an administrative termination, mediation, and the filing of dispositive motions.  The motions were terminated while the parties explored mediation and were recently restored to the docket on advice that the parties' mediation efforts failed.  No trial date has been set.  At this point, therefore, the parties are awaiting the Court's decision on the

*United States v. Johnson & Johnson, et al.*
Page 6 of 7

dispositive motion, offering a potential window in which to shore up this witness issue. The Court therefore finds that the third factor favors denial of the motion as well.

Regarding the fourth factor, Janssen maintains there is no evidence of bad faith and recounts its earnest efforts throughout the case. The Court is cognizant of the Third Circuit stricture that exclusion of evidence "is an extreme sanction, not normally to be imposed absent a showing of willful deception or flagrant disregard of a court order by the proponent of the evidence." *In re Paoli R.R. Yard PCB Litig.*, 35 F.3d 717, 791–92 (3d Cir. 1994) (quoting *Pennypack*, 559 F.2d at 905). The Court recognizes that while the Rules require prompt amendments, in a case such as this, where many of the formalities have led to disputes and ultimately court rulings or compromise, it is all too easy for counsel to overlook a party's obligation to supplement its initial disclosures. In the Court's eyes, the time that elapsed suggests a lack of diligence rather than bad faith or willfulness. Without more, the Court sees no reason to ascribe ill-intent to Janssen's error and therefore finds that the fourth factor favors Janssen.

Turning finally to the fifth factor, Janssen contends that the witnesses are crucial to its ability to rebut Evans' opinion that its compliance program was ineffective. Janssen asserts that it has much at stake here, given Relators' asserted nine-figure damage claim and the potential injury to Janssen's reputation. Janssen therefore argues the witness testimony is significant. For their part, Relators say Janssen has had years and multiple opportunities to establish its defenses. They insist that Janssen can present its case without the new witnesses. Insofar as the New Witnesses would be directly responsive to assertions made by Relators' experts regarding Janssen's compliance efforts, the Court agrees that this evidence is important to its case. The fifth factor therefore weighs in favor of allowing the witnesses to remain in the case.

After weighing the *Pennypack* factors, this Court finds that any prejudice to Relators can be addressed through scheduling and targeted supplementation. This is particularly so given the Court's finding that the delay was not the result of bad faith and the witnesses at issue are important to a full and fair resolution on the merits of the case. Accordingly, the Court finds that barring the witnesses is not appropriate under Rule 37.

*United States v. Johnson & Johnson, et al.*
Page 7 of 7

      For the foregoing reasons, the Court denies the Motion based on its findings under both Rule 26 and Rule 37. Counsel are instructed to confer as to what needs to be done to ameliorate any prejudice to Relators from this decision, including the depositions of the New Witnesses and supplementation of expert disclosures if appropriate. Counsel should submit a proposed amended scheduling order within two weeks of entry of this Order.

      **IT IS SO ORDERED.**

**LOIS H. GOODMAN**
**United States Magistrate Judge**