PHILIP R. SELLINGER
United States Attorney
SUSAN PAPPY
Assistant United States Attorney
970 Broad Street, Suite 700
Newark, NJ 07102
Tel.: 201-407-2971
e-mail: susan.pappy@usdoj.gov

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| UNITED STATES OF AMERICA et al., *ex rel.* JESSICA PENELOW AND CHRISTINE BRANCACCIO, <br><br>Plaintiffs, <br><br>v. <br><br>JOHNSON & JOHNSON, JANSSEN PRODUCTS, LP, <br><br>Defendants. | Hon. Zahid N. Quraishi <br><br>Civil Action No. 12-7758 (ZNQ) <br><br>**STATEMENT OF INTEREST RE: DEFENDANT'S OPPOSITION TO RELATORS' MOTION FOR JUDGMENT** |

The False Claims Act (FCA), 31 U.S.C. § 3729 *et seq.*, is the federal government's primary tool to combat fraud and recover losses due to fraud in federal programs. Accordingly, the United States has a substantial interest in the proper interpretation of the FCA. The United States also administers the Medicare and Medicaid programs, and therefore has a substantial interest in the proper interpretation of the statutes, regulations, and guidance that govern those programs. The United States submits this Statement of Interest to address arguments that Janssen made in its Opposition to Relators' Motion for Judgment ("Opposition") relating to the constitutionality of the FCA's penalty provisions. The United States takes no position on the other arguments raised by Defendants in their Opposition.

In its Opposition, Janssen argues that Relators' request for penalties violates both the Eighth Amendment prohibition on "excessive fines" and the Fifth Amendment right to "due process of law." Opp. at 29 (citing U.S. Const. Amend. 5 & 8). Janssen asserts that the penalties are "grossly disproportionate" because the harm resulting from its conduct was purely economic, federal healthcare programs are not financially vulnerable, and Janssen's conduct was not repeated or intentional. *Id.* Janssen suggests that a 1:1 ratio between damages and penalties is the "benchmark." *Id.* at 30 (citing *Jurinko v. Med. Protective Co.*, 305 F. App'x 13, 28 (3d Cir. 2008). Based on these arguments, Janssen petitions the Court to adjust the penalties to the lower end of the permitted statutory range, impose penalties on only a portion of the defendant's conduct, and limit the penalties to the amount of the actual damages found by the jury.

Contrary to Janssen's arguments, the Supreme Court has explained that the Excessive Fines Clause does not "requir[e] strict proportionality between the amount of a [penalty] and the gravity of a[n] . . . offense." *United States v. Bajakajian*, 524 U.S. 321, 336 (1998). In *Bajakajian*, the Court held that the question whether a money judgment is constitutionally excessive is governed by two principles. First, the Court recognized that decisions "about the appropriate punishment for an offense belong in the first instance to the legislature." *Id.* at 336. Second, the Court acknowledged that "any judicial determination regarding the gravity of a particular . . . offense will be inherently imprecise." *Id.* The Court held that a money judgment is unconstitutional only if "the amount of the [judgment]" is "grossly disproportional to the gravity of the defendant's offense." *Id.* at 336-37. In other words, a judgment need only "bear some relationship to the gravity of the offense that it is designed to punish." *Id.* at 334.

Proving such a relationship is "by no means onerous." *United States ex rel. Bunk v. Gosselin World Wide Moving, N.V.*, 741 F.3d 390, 408 (4th Cir. 2013). Indeed, "[t]he

murkiness" of the inquiry "demonstrates the inherent difficulty of monetizing the gravity of an offense." *United States v. Chaplin's, Inc.*, 646 F.3d 846, 852 (11th Cir. 2011). Courts have therefore "assigned great weight to the fines approved by Congress," which "as a representative body[] can distill the monetary value society places on harmful conduct." *Id.* Indeed, a money judgment that "fall[s] below the maximum statutory fine[] for a given offense" is entitled to a "'strong presumption' of constitutionality." *Id.* (quoting *United States v. 817 N.E. 29th Drive, Wilton Manors, Fla.*, 175 F.3d 1304, 1309 (11th Cir. 1999)).

An award of penalties within the statutory range in this case easily clears that constitutional threshold. The FCA imposes both treble damages and a "civil penalty of not less than [$5,500] and not more than [$11,000]" for each false claim. 31 U.S.C. § 3729(a)(1); *see* 28 U.S.C. § 2461 note; *United States v. Killough,* 848 F.2d 1523, 1533-34 (11th Cir. 1988) (holding that the FCA assesses civil penalties for each false claim submitted). This provision reflects Congress's express determination that penalties of this magnitude are an "appropriate" sanction for *each* FCA violation. And in this case, the jury found that Janssen's misconduct resulted in the submission of false prescription drug claims to federal healthcare programs on 159,574 separate occasions. Penalties within the range permitted by the FCA is presumptively constitutional and not grossly disproportionate to the gravity of defendant's offense.

Janssen argues that it shouldn't be held accountable for the claims submitted to federal healthcare programs because Janssen was not the one to submit them. But that argument falls short because under the FCA, Janssen's liability is based on engaging in conduct that caused the physicians to write the prescriptions resulting in false claims to federal healthcare programs.

Finally, Janssen alludes to due process concerns, but that framework does not apply to the review of statutorily prescribed penalties under the Excessive Fines Clause, and it is particularly

inappropriate where the harm to the government transcends economic loss. Although Janssen suggests that a 1:1 ratio of damages to penalties is the appropriate "benchmark," this purely mathematical approach is foreclosed by *Bajakajian*'s refusal to require "strict proportionality between the amount of a punitive [judgment] and the gravity of a[n] . . . offense." 524 U.S. at 336. Moreover, other Supreme Court decisions invoking a ratio approach were focused on punitive damage awards where the defendant lacked fair notice of the potential award amount. *See, e.g.*, *BMW of North America, Inc. v. Gore*, 517 U.S. 559 (1996). That is not the case with penalty amounts established by statute. And endorsing a strict ratio analysis would make little sense in this context. Congress enacted the FCA's penalty and damages provisions precisely because the submission of false claims harms the government in serious but difficult-to-quantify ways. *See* S. Rep. No. 99-345, at 3 ("The cost of fraud cannot always be measured in dollars and cents."). Moreover, fraud "erodes public confidence in the Government's ability to efficiently and effectively manage its programs." *Id.*; *see United States v. Mackby*, 339 F.3d 1013, 1019 (9th Cir. 2003) ("Fraudulent claims make the administration of Medicare more difficult, and widespread fraud would undermine public confidence in the system."). The Excessive Fines Clause does not "confine[]" the "concept of harm . . . strictly to the economic realm" in the FCA context. *Bunk*, 741 F.3d at 409; *accord Toepleman v. United States*, 263 F.2d 697, 699 (4th Cir. 1959) ("[T]o the Government[,] a false claim, successful or not, is always costly" due to "the constant Treasury vigil [they] necessitate."). Indeed, the government has recovered substantial statutory penalties under the FCA even where no damages were sought by relator. *See, e.g., Bunk*, 741 F.3d at 399, 409 (holding that a $24 million FCA penalties judgment did not violate the Excessive Fines Clause even where relator "chose to forgo proof of damages").

For these reasons, the court should reject Janssen's argument that imposing penalties based on the statutory range established by Congress would run afoul of the Excessive Fines Clause of the United States Constitution.

Respectfully submitted,

BRIAN BOYNTON
Principal Deputy Assistant
Attorney General

PHILIP R. SELLINGER
United States Attorney

*/s/ Susan Pappy*
SUSAN PAPPY
Assistant United States Attorney
970 Broad Street, Suite 700
Newark, NJ 07102
Tel.: (201) 407-2971
e-mail: susan.pappy@usdoj.gov

JAMIE A. YAVELBERG
EDWARD C. CROOKE
Civil Division
Commercial Litigation Branch
P.O. Box 261
Ben Franklin Station
Washington, D.C. 20044
(202) 353-0426